FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

2014 SEP 22  PM 2: 15

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

TEGWYN FLOURNOY, *on behalf of*
*herself and others similarly situated,*

        Plaintiff,

v.

DIRECTV, LLC

        Defendant.

_____/

CASE NO.

3:14-CV-1153-J-39MOE

**CLASS ACTION COMPLAINT AND JURY DEMAND**

**Nature of Action**

1.     This is a class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227

**Jurisdiction and Venue**

2.     This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3.     Venue is proper before this Court under 28 U.S.C. § 1391(b) as the acts and transactions giving rise to Tegwyn Flournoy's ("Plaintiff") action occurred in this district, as Plaintiff resides in this district, and as DirecTV, LLC ("Defendant") transacts business in this district.

**Parties**

4.     Plaintiff is a natural person who at all relevant times resided in Jacksonville, Florida.

5.     Defendant is an entity located in El Segundo, California. It may be served by its registered agent: Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301-2525.

## Factual Allegations

6.      Sometime in 2014, Defendant began placing calls, or causing calls to be placed, to (904) ███████—Plaintiff's cellular telephone number.

7.      Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, Defendant placed them, or caused them to be placed, by using an automatic telephone dialing system.

8.      On several occasions, Plaintiff answered these calls, and the calls terminated.

9.      On at least one of these occasions, Plaintiff immediately called back the number from which she received the call, and was connected to one of Defendant's representatives, who informed Plaintiff that Defendant was attempting to reach someone other than her, that it apologized for doing so, and that Defendant would—at Plaintiff's request—take her off of its to-call list.

10.     On other occasions, Plaintiff was greeted by a pre-recorded message from Defendant.

11.     Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, for non-emergency purposes.

12.     Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, voluntarily.

13.     Upon information and good faith belief, Defendant placed the calls at issue, or caused them to be placed, under its own free will.

14.     Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to place the calls at issue, or cause them to be placed.

15.     Upon information and good faith belief, Defendant intended to use an automatic telephone dialing system to place the calls at issue, or cause them to be placed.

16.     Plaintiff is not one of Defendant's customers.

17.     Plaintiff does not have any business relationship with Defendant.

2

18.    Plaintiff never provided Defendant with her cellular telephone number.

19.    Defendant did not have prior express consent to place calls, or cause calls to be placed, to Plaintiff's cellular telephone number by using an automated telephone dialing system, or an artificial or prerecorded voice.

20.    Upon information and good faith belief, Defendant maintains business records that show all calls that it placed, or caused to be placed, to Plaintiff's cellular telephone number.

21.    Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, or an artificial or prerecorded voice, to place, or cause to be placed, calls to telephone numbers assigned to cellular telephone service providers.

### Class Action Allegations

22.    Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons and entities throughout the United States (1) to whom Defendant placed, or caused to be placed, calls, (2) directed to a number assigned to a cellular telephone service, by (3) using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint, (5) absent prior express consent—in that the called party was not the intended recipient.

23.    The proposed class specifically excludes the United States of America, the State of Florida, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Eleventh Circuit, the Justices of the United States Supreme Court, any entity in which Defendant has or had a controlling interest, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

24.    Upon information and belief, the class members are so numerous that joinder of all of them is impracticable.

3

25.     The exact number of class members is unknown to Plaintiff at this time, and can be ascertained only through appropriate discovery.

26.     The class members are ascertainable in that, upon information and belief, their names and addresses can be identified in business records maintained by Defendant.

27.     There exists a well-defined community of interest in the questions of law and fact that affect the class members.

28.     Plaintiff's claims are typical of the class members' claims.

29.     Plaintiff's claims, and the class members' claims, originate from the same conduct, practice and procedure on the part of Defendant.

30.     Plaintiff's claims are based on the same theory as are the class members' claims.

31.     Plaintiff suffered the same injuries as each class member.

32.     Plaintiff will fairly and adequately protect the class members' interests in this matter.

33.     Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the class members' interests.

34.     Plaintiff will vigorously pursue the class members' claims in this matter.

35.     Plaintiff has retained counsel experienced and competent in class action litigation.

36.     Plaintiff's counsel will vigorously pursue this matter.

37.     Plaintiff's counsel will assert, protect, and otherwise represent the class members in this matter.

38.     The questions of law and fact common to all class members predominate over questions that may affect individual class members.

39.     Issues of law and fact common to all class members are:

a.  Defendant's violations of the TCPA;

b.  The existence of Defendant's identical conduct;

4

c. The availability of statutory penalties; and

d. The availability of attorneys' fees and costs.

40.    A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

41.    If brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

42.    The pursuit of separate actions by individual class members could, as a practical matter, be dispositive of the interests of other class members, and could substantially impair or impede their ability to protect their interests.

43.    The pursuit of separate actions by individual class members could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

44.    These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

45.    The damages suffered by each individual class member may be relatively small; thus, the expense and burden to litigate each of their claims individually make it impracticable for the class members to redress the wrongs done to them.

46.    The pursuit of Plaintiff's claims, and the class members' claims, in one forum will achieve efficiency and promote judicial economy.

47.    There will be no difficulty in the management of this action as a class action.

48.    Defendant has acted or refused to act on grounds generally applicable to the class members, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(a)(iii)**

49.     Plaintiff repeats and re-alleges each and every factual included in paragraphs 1-48.

50.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, or an artificial or prerecorded voice, to place non-emergency calls to (904) ███████, absent Plaintiff's prior express consent to do so.

**Trial by Jury**

51.     Plaintiff is entitled to, and hereby demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Determining that this action is a proper class action;

b)   Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c)   Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d)   Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(a)(iii);

e)   Enjoining Defendant from continuing its violative behavior;

f)   Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g)   Awarding Plaintiff and the class treble damages under 47 U.S.C. § 227(b)(3);

h)   Awarding Plaintiff and the class reasonable attorneys' fees and costs under to Rule 23 of the Federal Rules of Civil Procedure;

i)   Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j)   Awarding such other and further relief as the Court may deem just and proper.

Date: September 18, 2014          Respectfully Submitted,


                                  /s/ Aaron D. Radbil
                                  Aaron D. Radbil
                                  Michael L. Greenwald
                                  James L. Davidson
                                  Greenwald Davidson PLLC
                                  5550 Glades Rd, Ste. 500
                                  Boca Raton, FL 33431
                                  Phone: (561) 826-5477
                                  Fax: (561) 961-5684
                                  aradbil@mgjdlaw.com
                                  Attorneys for Plaintiff